IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **MICHAEL J. GRAYSON** | ) | **CASE NO. 12-71908** |
| **ANNA M. GRAYSON** | ) | |
| | ) | |
| **Debtors.** | ) | **CHAPTER 7** |

## MEMORANDUM DECISION

The Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 18, 2012. On that date, the Debtors requested a temporary waiver of the requirements to obtain credit counseling prior to filing based on exigent circumstances as the male Debtor was seriously ill and the female Debtor was required to render constant care to her husband. The Debtors further stated that if such waiver was granted, they were aware that they would have to complete the course by a certain time assigned by the Court. On October 19, 2012, the Court issued a Notice that a hearing would be held on the Debtors' request for waiver of said requirements. The hearing was initially scheduled for November 20, 2012, but was continued to January 23, 2013 upon request of the Debtors.

Ms. Grayson appeared pro se at the hearing on January 23.[1] Ms. Grayson testified that she was aware of the credit counseling requirement, that she and Mr. Grayson did take a course, but was unsure exactly what course they took or when they took the course. The Court directed Ms. Grayson to fax the certificate she obtained from the credit counseling agency to the Court as soon as possible and took the matter under advisement. Later that same day Ms.

---

[1] According to Ms. Grayson at the hearing on January 23, 2013, Mr. Grayson passed away on December 26, 2012.

Grayson faxed to the Court a copy of a solicitation letter from Sage Personal Finance to the Debtors dated October 23, 2012 regarding the debtor education course. Handwritten on this letter is the notation that the course was completed on October 30, 2012. Ms. Grayson also faxed the Debtor's Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management indicating that the Debtors completed a personal financial management course on October 30, 2012 provided by Sage Personal Finance. She did not, however, submit a certificate from a credit counseling agency stating that the Debtors received the required credit counseling course before filing their petition.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. This is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(A).

Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, an individual may not be a debtor unless, during the 180-day period preceding the date of filing of the petition, he or she received from an approved nonprofit budget and credit counseling agency an individual or group briefing that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis. 11 U.S.C. § 109(h)(1). The requirement may be deferred with respect to a debtor who submits to the court a certification that

>  (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
>  (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made that request; and
>
>  (iii) is satisfactory to the court.

§ 109(h)(3)(A). Section 109(h)(4) provides that the pre-filing credit counseling requirements shall also not apply to a debtor whom the court determines is unable to complete those requirements because of incapacity, disability, or active military duty.

Section 109(h) is clear that in the absence of credit counseling in the 180 days preceding the filing, or a statement, not only of exigent circumstances, but also that the debtor attempted but was unable to obtain counseling within seven days of the request, the certification is insufficient, leaving the court with no choice but to dismiss the case. *In re Louredo*, No.05-15846-SSM, slip op. at 1-2 (Bankr. E.D. Va. November 16, 2005) (citing *In re Watson*, 332 B.R. 740 (Bankr. E.D.Va. 2005)). *See also In re Thomason*, No. 05-75810 (Bankr. W.D. Va. Jan. 6, 2006); *In re De La Rocha*, No. 05-75803 (Bankr. W.D. Va. Jan. 26, 2006); *In re Loving*, No. 06-70183 (Bankr. W.D. Va. March 24, 2006); and *In re Wolford*, No. 05-75793 (Bankr. W.D. Va. April 19, 2006). "Congress clearly intended, except in specific limited circumstances, that credit counseling <u>precede</u> a bankruptcy filing precisely so that persons considering a bankruptcy filing could be informed about, and have an opportunity to consider, alternatives to bankruptcy." *Louredo* at 2. The statute does not excuse ignorance of its requirements and requires the court to dismiss the case if the debtor has not obtained credit counseling before filing unless he or she certifies that he or she requested same and it was not available within seven days of the request.

In the instant case, the Debtors did not obtain credit counseling in the 180 days prior to the filing of their petition, nor did they state that they requested credit counseling and were unable to receive it within seven days of the request. The Debtors apparently only received the debtor education course required by 11 U.S.C. §727(a)(11) to be taken after filing to obtain a discharge. This fails to meet the requirements of the statutory provisions, which do not permit the Court to waive its exact requirements when bankruptcy debtors fail to comply with the legal requirements despite their good faith attempts to fulfill them. Because the Debtors have failed to establish either that they obtained approved credit counseling education before filing their petition or made a request to an approved agency for such a course which was not available to them within seven days of making such request, as is explicitly required by § 109(h), they are not eligible to be bankruptcy debtors in the present case.

The Court further concludes that the provisions of § 109(h)(4) do not permit the Court to waive this requirement. This is the subsection noted above which provides an exemption in situations where the debtor is unable to comply due to incapacity, disability or active military service. The full language of that subsection is as follows:

> The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone or Internet briefing required under paragraph (1).

§ 109(h)(4).

In this case, although Mr. Grayson has been indicated to have been a retired veteran at the time the petition was filed, there is no suggestion that either of the Debtors was in active military service at that time. Similarly, although the evidence is that Mr. Grayson suffered from a serious heart ailment which required his hospitalization and surgery about a month or more after the filing date, no claim has been advanced that either of the Debtors was mentally or physically incapable of participating in a credit counseling session, which could have been by telephone, before filing their petition. Perhaps the most telling evidence of that conclusion is that shortly after filing their case the Debtors did take, according to their own certification, the other instruction course needed for them to obtain a discharge in the case. In short, even considering Mr. Grayson's serious medical condition, the Court's perception is that the failure to take or attempt to take the necessary course before filing their case was the result of the Debtors' unfortunate although understandable ignorance, rather than any issue of incapacity or disability. Congress did not see fit to authorize bankruptcy judges to waive the statutory requirement in situations of excusable ignorance or upon the showing of other good cause satisfactory to the Court. Accordingly, this Court must rule on the basis of the law which Congress has provided rather than what its sense of fairness and equity might otherwise influence it to rule.

## CONCLUSION

Based upon the above authorities, the Court concludes that the Debtors' case must be dismissed without prejudice, which means that Ms. Grayson would not be precluded from filing a new petition in this Court, if she takes the necessary pre-filing instruction and such filing

5

is otherwise proper.  An order to such effect will be entered contemporaneously with the signing of this Decision.  The Clerk is requested to send a copy of this Memorandum Decision to each of the following:  the female Debtor, the Trustee, and the Office of the United States Trustee.

This 25th day of January, 2013.

_____
UNITED STATES BANKRUPTCY JUDGE